FILED 29 NOV '11 11:58 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

SCHNITZER STEEL INDUSTRIES, INC.,     3:10-CV-1174-PK
an Oregon corporation; and
SCHNITZER INVESTMENT CORP.,     OPINION AND ORDER
an Oregon corporation,

            Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY,
an Illinois corporation; and
TRANSPORTATION INSURANCE COMPANY,
an Illinois corporation,

            Defendants.

REDDEN, Judge:

       On August 3, 2011, Magistrate Judge Papak issued a Findings and Recommendation (doc. 54) in which he recommended that the court (1) grant plaintiffs' Motion for Partial Judgment on the Pleadings (doc. 15). Plaintiffs and defendants have each filed timely objections to the Findings and Recommendation.

1 - OPINION AND ORDER

The district court must make a *de novo* determination of any portion of a magistrate judge's Finding and Recommendation as to which any party has objected. See 28 U.S.C. § 636(b)(1); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

## **DISCUSSION**

By December 2000, plaintiffs had been notified by the Environmental Protection Agency and the Oregon Department of Environmental Quality that they were potentially responsible parties liable for costs incurred in remediating contamination at the Portland Harbor Superfund Site.

From January 1977 to October 1983, defendants issued annual comprehensive general liability insurance policies to plaintiffs insuring them against certain liabilities arising from property damage occurring during the respective policy periods that were neither expected nor intended from plaintiffs' standpoint. The policies included provisions requiring defendants to defend plaintiffs in actions brought against them related to those potential liabilities until the limits of the applicable policies had been exhausted by payments or judgments.

Plaintiffs allege defendants have breached the terms of the policies by not reimbursing them in a timely manner for all the reasonable attorneys fees and defense costs they have incurred and are entitled to under the policies issued by defendants.

2 - OPINION AND ORDER

Magistrate Judge Papak recommended the court declare as follows:

> [I]n light of defendants' conceded current obligation to undertake Schnitzer's defense in connection with the Portland Harbor Superfund matter, defendants (i) are jointly and severally liable to pay the full amount of Schnitzer's reasonable and necessary defense costs, and (ii) must make a reasonably prompt determination and payment of the reasonable and necessary fees, costs and expenses incurred by Schnitzer.

Findings and Recommendation, at 13.  Magistrate Judge Papak also recommended that the court's declaration be subject to six "caveats," which amount to guidelines or "qualifiers" formulated by the court for the purpose of assisting the parties in their future dealings regarding defendants' obligation to pay defense plaintiffs' defense costs.

Each of the parties objects to one or more, but not all of the caveats, in part based on their characterizations of the magistrate judge's findings.  The Court has reviewed the record *de novo* and concludes the Magistrate Judge Papak's caveats, as set forth in his Findings and Recommendation, are both clear and reasonable, and provide appropriate guidance to the parties regarding plaintiffs' rights and defendants' obligations relating to defense costs under the terms of the insurance policies at issue.  They do not require further clarification.

3 - OPINION AND ORDER

Accordingly, the court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (doc. 54) in their entirety.

IT IS SO ORDERED.

DATED this __29__ day of November, 2011.

*Malcolm F. Marsh*
for James A. Redden
Senior United States District Judge