IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCHNITZER STEEL INDUSTRIES, INC., and
SCHNITZER INVESTMENT CORP.,

        Plaintiffs,

                              CV 3:10-1174-PK

v.                              OPINION AND
                                  ORDER

CONTINENTAL CASUALTY COMPANY and
TRANSPORTATION INSURANCE COMPANY,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiffs' Motion to Enforce March 9, 2012 Discovery Order came before the Court for hearing on July 23, 2012 at 10 a.m. Upon consideration of the briefing, oral argument and the pleading and papers on file herein, the Court GRANTS plaintiffs' motion to the extent set forth below and an Order is entered as follows.

        Defendants Continental Casualty Company and Transportation Insurance Company (collectively, "Continental") shall produce within thirty (30) days of the date hereof the following documents to the extent they have not been previously produced to plaintiffs.

Page 1 - OPINION AND ORDER

1. As used herein, "Environmental Claim(s)" shall mean a demand made or existing on or after January 1, 2003 against an insured of Continental under federal or state law to investigate or remediate or fund investigation or remediation of alleged damage to the environment caused by the release or alleged release of hazardous or toxic substances as defined by federal or state law. Such demand may be in the form of a lawsuit or written request from a federal, state or local environmental regulator to investigate or remediate such alleged damage to the environment. Environmental Claims shall be limited to demands related to property, land or the environment in Oregon or Washington.

2. As used herein, "Similar Environmental Claim(s)" shall mean Environmental Claim(s) of magnitude and/or complexity comparable to the magnitude and/or complexity of the Portland Harbor Superfund matter that underlies the parties' dispute in this action.

3. Continental shall produce invoices and Law Firm Invoice Reports showing attorney billing rates submitted to or paid by Continental for Similar Environmental Claims. Such documents may be redacted to show only the attorney billing rates and, for invoices, past due amounts attributable in whole or in part Continental's alleged failure to pay attorney billing rates in full. Continental's obligation to produce such invoices and Law Firm Invoice Reports shall be limited to the production of those invoices and Law Firm Invoice Reports necessary to establish all billing rates at which insured's counsel was compensated in connection with a Similar Environmental Claim and the date range within which each different such billing rate was applied to each insured's counsel's time spent on each such Similar Environmental Claim.

4. Continental shall produce all documents sufficient for the trier of fact to determine whether there was a reservation of rights of any kind relating to attorney billing rates for Similar

Environmental Claims, including but not limited to:

    a.    All documents reflecting agreements relating to attorneys billings rates for Similar Environmental Claims;

    b.    All documents related to disagreements (including but not limited to demands for higher attorney billing rates) between Continental on the one hand, and the insured, its coverage counsel and/or defense counsel, on the other, relating to attorney billing rates for Similar Environmental Claims;

    c.    All documents relating to unpaid or past due amounts alleged in whole or in part by the insured, its coverage counsel and/or defense counsel to be the result of a disagreement with Continental about attorney billing rates, including but not limited to demands for higher attorney billing rates, disputes about attorney billing rate reductions and/or demands for additional payment for attorney billing rates.

5.    Continental shall produce pleadings or demands in all Environmental Claims which it does not deem also to be Similar Environmental Claims sufficient to demonstrate the nature of the case and claim, except that such production may be redacted to prevent disclosure of any private or confidential information of any entity not essential to determining whether the magnitude or complexity of the Environmental Claim is similar to the magnitude or complexity of the Portland Harbor Superfund matter that underlies the parties' dispute in this action.

6.    Each party will bear its own fees and costs in connection with this Motion.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#149) to enforce this court's Opinion and Order of March 9, 2012, is granted as discussed above.

Dated this 13th day of August, 2012.

*[signature]*

Honorable Paul Papak
United States Magistrate Judge