IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SCHNITZER STEEL INDUSTRIES, INC.,
and MMGL CORP.,

        Plaintiffs,

        v.

CONTINENTAL CASUALTY COMPANY
and TRANSPORTATION INSURANCE
COMPANY,

        Defendants.

No. 3:10-cv-01174-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiffs Schnitzer Steel Industries, Inc., and MMGL Corp. (collectively, "Schnitzer") and Defendants Continental Casualty Co. and Transportation Insurance Co. (collectively, "Continental") have filed cross motions in limine [212, 215] concerning the legal effect of Oregon Senate Bill 814, Or. Laws ch. 350 (2013) ("SB 814"). Section 7 of this statute requires an insurer who has undertaken to defend an insured against an environmental claim to provide the insured with independent defense counsel. SB 814, § 7(1). It also requires reimbursement of counsel's fees "based on the regular and customary rates for the type and complexity of environmental claim at issue in the community where the underlying claim arose or is being defended." § 7(3)(a). This right to provision of independent counsel applies to all

1 – OPINION AND ORDER

environmental claims that were pending on June 10, 2013, the date of the statute's enactment. § 8. Schnitzer contends that its insurance defense counsel, Los Angeles firm Bingham McCutcheon, is "independent counsel" under section 7's definition, and therefore it is entitled to reimbursement at section 7's rates. Continental argues that section 7 does not apply to this case for numerous reasons, one of which being that Bingham McCutcheon represents Continental as well as Schnitzer and therefore is not independent counsel.

Prior to and during oral argument on the parties' motions, I announced several tentative conclusions. I surmised that section 7 creates a new substantive right with no retroactive effect, such that section 7 rates do not apply to fees incurred before SB 814's effective date. I concluded that Schnitzer could recover at section 7 rates for fees incurred *since* that date, but only if Bingham McCutcheon is Schnitzer's independent counsel. If Bingham McCutcheon represents both the insured, Schnitzer, and the insurer, Continental, then it is not independent counsel and section 7 does not apply. Where section 7 rates are inapplicable, I concluded that Bingham McCutcheon's fees award will be calculated according to a recommendation Magistrate Judge Papak issued in March of last year. (*See* F&R [124] at 32–33; Op. & Order [181] at 2.) I now adopt these tentative conclusions.

The bulk of the parties' argument centered on whether Schnitzer is judicially estopped from arguing that Bingham McCutcheon represents Schnitzer alone. Last year, Continental moved in limine for a finding that Schnitzer had waived the attorney-client privilege with regard to interviews it conducted with two lawyers that Continental offered as insurance defense counsel. (Mot. in Lim. [140] at 2.) In response, Schnitzer argued that, in Oregon, defense counsel provided by an insurer represents both the insurer and the insured. (Opp'n [146] at 3 (citing Or. State Bar Formal Op. No. 2005-121) (sealed).) Because no Oregon authority

addresses waiver of the attorney-client privilege in the context of the tripartite insurance defense relationship, Schnitzer asserted that the privilege was not waived. *Id.* at 3–4. Judge Papak remarked in his opinion on the motion that Schnitzer would necessarily hold the attorney-client privilege in common with Continental with regard to the underlying Portland Harbor matter. (Op. & Order [166] at 10 n.2.) Accordingly, at the hearing, I announced a tentative conclusion that Schnitzer had successfully argued before Judge Papak that it shared insurance defense counsel with Continental, and is now judicially estopped from arguing that Bingham McCutcheon is independent counsel. For the reasons that follow, I now adopt this conclusion.

Judicial estoppel prevents a party "from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). In determining whether to apply judicial estoppel, courts generally consider three factors: (1) whether the party's later position is clearly inconsistent with the first; (2) whether the party succeeded in persuading a court of the earlier position; and (3) whether the party would gain an unfair advantage or impose an unfair disadvantage on its opponent if allowed to argue the second position. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). These are not "inflexible prerequisites or an exhaustive formula," but merely factors to consider in the court's exercise of its discretion. *Id.* at 751.

These factors favor estoppel here. First, Schnitzer's former and current positions are clearly inconsistent. Before Judge Papak, Schnitzer argued unequivocally that insurance defense counsel represents "*both* the defending insurer and the insured." (Opp'n [146] at 3 (sealed).) This position is plainly incompatible with the notion that Schnitzer's current insurance defense counsel represents Schnitzer alone. Second, Judge Papak accepted this position. (Op. & Order [166] at 10 n.2.) Third, Schnitzer stands to gain an advantage through its present argument: if

3 – OPINION AND ORDER

Bingham McCutcheon is Schnitzer's independent counsel, then Schnitzer may recover attorney fees at section 7 rates rather than adhering to the rule Judge Papak set forth.

Schnitzer argues that the enactment of SB 814 is an intervening change in circumstances justifying its change in position. I reject this argument. SB 814 has no effect on the parties' preexisting relationship with Bingham McCutcheon, nor on the authority Schnitzer relied upon in arguing to Judge Papak that it shares defense counsel with Continental.

Schnitzer also argues that Judge Papak rejected rather than accepted its earlier position because he ruled in favor of Continental. This argument fails for two reasons. First, the factors set out in *New Hampshire v. Maine* are not rigid elements, each of which must be met in order for judicial estoppel to apply. If the two positions in question are grossly incompatible or if the party to be estopped blatantly seeks a significant and unfair advantage, estoppel might apply even if no court ever accepted the earlier position. Second, the question for judicial estoppel purposes is whether a judge was persuaded of the party's earlier position, not whether that position was essential to the judge's ultimate decision on a particular matter. Certainly, if the earlier position results in a ruling in that party's favor, the equities in favor of estoppel are even greater. But the equities in favor of estoppel are present even when a judge accepts a party's position on a question but resolves the ultimate matter in the other party's favor. That occurred here: though Judge Papak ultimately granted Continental's motion concerning discovery of Schnitzer's interviews with prospective defense counsel, he still was persuaded of Schnitzer's position that insurance defense counsel represents both insurer and insured in Oregon. (Op. & Order [166] at 10 n.2.) The second *New Hampshire* factor therefore favors estoppel here.

Finally, Schnitzer argues that applying estoppel is inappropriate because its two positions address matters of vastly disparate significance to the ultimate issues. The first, Schnitzer

4 – OPINION AND ORDER

contends, addressed only a minor discovery matter, while the second concerns its ultimate right to recover defense fees.  I agree with the principle underlying Schnitzer's argument.  Presenting inconsistent positions might not be unfair where one position concerns a matter of only minor consequence to the action.  I disagree, however, with Schnitzer's characterization of the relative importance of its two positions.  Schnitzer's argument before Judge Papak concerned not merely a minor discovery matter but the scope of the attorney-client privilege, a pressing concern for both counsel and parties to such complex and high-stakes litigation as the Portland Harbor matter.  On the other hand, holding Schnitzer estopped will not wipe out its ability to recover Bingham McCutcheon's fees at nonlocal rates.  Schnitzer may still prove that out-of-forum rates are appropriate according to Judge Papak's formula.  (*See* F&R [124] at 32–33.)

Schnitzer's motion in limine [212] to apply SB 814's independent counsel rates to this action is DENIED.  Continental's cross motion in limine [215] is GRANTED.  As Judge Papak set forth, Schnitzer may recover Bingham McCutcheon's fees at a rate exceeding the prevailing rates in Portland "only (i) where no local counsel available to represent the insured can reasonably be expected to provide competent representation and (ii) where no reasonable effort to locate non-local counsel both willing to represent the insured [at local rates] and reasonably likely to provide competent representation could be successful."  (F&R [124] at 32–33.)

IT IS SO ORDERED.

DATED this   17th   day of December, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER