Scott J. Kaplan, OSB No. 913350
sjkaplan@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

John E. Iole
Email: jeiole@jonesday.com
Rebekah B. Kcehowski
Email: rbkcehowski@jonesday.com
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Associate Counsel (admitted *pro hac vice*)

      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCHNITZER STEEL INDUSTRIES, INC., an Oregon corporation; and MMGL CORP., an Oregon corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>CONTINENTAL CASUALTY COMPANY, an Illinois corporation; and TRANSPORTATION INSURANCE COMPANY, an Illinois corporation,<br><br>    Defendants. | Case No.: 3:10-cv-01174-MO<br><br>ORDER REGARDING CONFIDENTIAL DEFENSE AND MEDIATION MATERIALS |

The parties by and through their undersigned counsel hereby stipulate and move the Court to enter an order regarding the handling of confidential and privileged defense and mediation materials at trial.

## RECITALS

A.  Evidence at trial in this action will relate to plaintiffs' (collectively "Schnitzer's") defense actions, communications, and strategy in connection with the underlying Portland Harbor Superfund Site ("PHSS").  The existing June 2011 Stipulated  Protective Order in this case (ECF No. 36) requires the filing of such documents (designated as "*Schnitzer* Protected Materials") under seal, but does not address the use of such materials at trial or the potential that third-party representatives of parties adverse to Schnitzer at PHSS might be in the courtroom during trial.

B.  There are also confidentiality and privilege issues involving the ongoing PHSS mediation process, the Participation and Common Interest ("PCI") group, in which Schnitzer and other parties are exchanging information in the mediation context ("PCI Materials").  Attached as <u>Exhibit 1</u> is a copy of the Declaration of Bruce E. White in Support of Plaintiff's Motion Regarding Confidentiality filed in this Court in *Ash Grove Cement Company v. Liberty Mutual Insurance Company et al.*, Case No. 3:09-CV-00239-HZ  ("*Ash Grove*").   In his Declaration (ECF No. 336-1), Mr. White, the PCI Group Allocation Coordinating Counsel, described the PCI process and the importance of confidentiality in that process.  Mr. White concludes in paragraph 20 of his Declaration, that

> 20.  …, the Participants believe that it is in their private interests, and also in the public interest, to protect Confidential Allocation Information from disclosure to facilitate the success of the confidential allocation process in which they are engaged. The Participants are concerned that if the Court does not permit the evidence to be presented under seal the disclosure of that

Page 2   -   ORDER REGARDING
            CONFIDENTIAL DEFENSE AND MEDIATION MATERIALS

>information in open court may lead to Confidential Allocation Information being subject to public disclosure, through public records laws or other mechanisms, which would have a chilling effect on the Participants' willingness to exchange information and potentially lead to the breakdown of the entire process.

The parties to this case ("Parties") have the same concerns and for the same reason request that the Court take steps to protect the confidentiality of PCI Materials.

C. In the *Ash Grove* case, the State of Oregon filed a memorandum (ECF No. 338, attached as Exhibit 2), emphasizing the public interest in the confidentiality of the PCI process.

D. It is Schnitzer's understanding that in connection with the *Ash Grove* trial in March 2013, the Court, the Hon. Marco A. Hernandez presiding, ruled from the bench that the courtroom would be cleared of spectators when the parties gave notice that confidential PCI material would be discussed or displayed and that such procedure was followed during the *Ash Grove* trial.

E. The Parties jointly move the Court for an order on the terms set forth below that similar procedures be adopted at trial in this case in order to preserve the privileged and confidential nature of Schnitzer Protected Materials and PCI Materials that may be discussed or displayed. There are only a few witnesses that are expected to be called who are likely to discuss such materials and then only briefly, but the Parties move the Court in advance to implement appropriate procedures so as to minimize disruption at trial.

**OPERATIVE TERMS**

1. Each Party shall inform the other Party the business day before a witness is likely to testify of the identity of the next day's witnesses and whether such witnesses are likely to discuss Schnitzer Protected Materials or PCI Materials in direct examination. Thereafter, the Parties shall inform the Court in advance of calling such witness or offering other evidence that

Page 3 -    ORDER REGARDING
           CONFIDENTIAL DEFENSE AND MEDIATION MATERIALS

witness or evidence that *Schnitzer* Protected Materials or PCI Materials might be offered or used in connection with that witness or evidence.  Immediately before such materials are offered or used, the proponent shall notify the Court.

      2.      A non-proponent of *Schnitzer* Protected Materials or PCI materials may also notify the Court that such materials are likely to be implicated by the testimony of any witness or other evidence.

      3.      The Court will make any order or take any action that it deems to be appropriate under the circumstances, including any appropriate request that persons other than those affiliated with the parties to the case, counsel, witnesses, the jury and Court personnel leave the courtroom.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 4  -    ORDER REGARDING
                  CONFIDENTIAL DEFENSE AND MEDIATION MATERIALS

4. The parties will endeavor to not to unnecessarily discuss or display *Schnitzer* Protected Material or PCI material in order to avoid disruption of the trial.

IT IS SO STIPULATED this 3rd day of April 2014.

| | |
|---|---|
| *s/ Scott J. Kaplan* | *s/ Lawrence Gottlieb* |
| SCOTT J. KAPLAN, OSB NO. 913350 | LAWRENCE GOTTLIEB, OSB NO. 070869 |
| sjkaplan@stoel.com | lgottlieb@bpmlaw.com |
| STOEL RIVES LLP | BETT PATTERSON & MINES, PS |
| 900 SW Fifth Avenue, Suite 2600 | One Convention Place, Suite 1400 |
| Portland, OR 97204 | 701 Pike Street |
| Telephone: (503) 224-3380 | Seattle, WA 98101 |
| Facsimile: (503) 220-2480 | Telephone: (206) 292-9988 |
| | Facsimile: (206) 343-7053 |
| Attorneys for Plaintiffs | Attorneys for Defendants |

## DECLARATION REGARDING SIGNATURES

I, Scott J. Kaplan, declare under penalty of perjury that I obtained concurrence to file this document from other signatory to this document.

*s/ Scott J. Kaplan*
SCOTT J. KAPLAN

## ORDER

IT IS SO ORDERED this  8TH  day of  April , 2014

/s/Michael W. Mosman
THE HONORABLE MICHAEL W. MOSMAN
United States District Court Judge

Page 5 -   ORDER REGARDING
            CONFIDENTIAL DEFENSE AND MEDIATION MATERIALS

75914702.1 0068163-00092