IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SCHNITZER STEEL INDUSTRIES, INC., and
MMGL CORP.**,

          Plaintiffs,                               No. 3:10-cv-01174-MO

    v.

                                                JURY INSTRUCTIONS

**CONTINENTAL CASUALTY COMPANY and
TRANSPORTATION INSURANCE COMPANY**,

          Defendants.

**JURY INSTRUCTIONS**

DATED: This  _24_  day of April, 2014.

                                   `/s/Michael W. Mosman`
                                  MICHAEL W. MOSMAN
                                  United States District Judge

**Instruction No. 1**

**DUTY OF THE JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others.  They are all important.

## Instruction No. 2

### PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 3**

**STIPULATIONS OF FACT**

The parties have admitted or stipulated to certain facts that are contained in Plaintff's Exhibit 31. You should therefore treat these facts as having been proved.

**Instruction No. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which are received into evidence; and

      (3) any facts to which the lawyers have agreed.

**Instruction No. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose. When I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Instruction No. 6

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## Instruction No. 7

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Instruction No. 8**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. 9**

**A CORPORATION ACTS THROUGH AGENTS**

A corporation can act only through its officers, agents, or employees. Any action by the officers, agents, or employees of the corporation is the act of that corporation if the act was within the scope of that person's authority or employment.

**Instruction No. 10**

**KNOWLEDGE OF CORPORATE AGENT**

A corporation has knowledge of a fact if one of its officers, agents, or employees has knowledge of the fact and the fact is material to the officer, agent, or employee's duties to the corporation, even though the officer, agent, or employee does not communicate his knowledge to the corporation.

**Instruction No. 11**

### THE INSURANCE POLICY IS A CONTRACT

An insurance policy is a contract and a legally enforceable set of promises. The policyholder (here, Schnitzer) pays money in return for a promise by the insurance company (here, Continental) to pay a policyholder's reasonable and necessary defense costs at a later date if a potentially covered claim is made, and to pay a covered claim if the claim is established against the policyholder. The insurance company breaches the policy if it fails to fulfill these promises. This is a breach of contract.

You must determine whether Continental breached the insurance policies that it issued to Schnitzer.

**Instruction No. 12**

**DUTIES UNDER AN INSURANCE POLICY**

Continental is obligated to pay Schnitzer's reasonable and necessary costs in defending itself against liability in the Portland Harbor matter.  You must determine whether any of Schnitzer's reasonable and necessary defense costs have not been paid.

The insurance policies in this case also obligate Continental to pay Schnitzer's reasonable and necessary defense costs within a reasonable time after receiving Schnitzer's invoices.  You must determine whether Continental failed to pay any of Schnitzer's reasonable and necessary defense costs within a reasonable time.

Finally, the insurance policies impose on Continental a duty to implement a reasonable process for the review, submission, and payment of invoices.  You must determine whether Continental fulfilled this duty.

**Instruction No. 13**

**REASONABLE AND NECESSARY COSTS**

Schnitzer has the burden to prove, by a preponderance of the evidence, that the costs it wants Continental to reimburse were both reasonable and necessary to investigate and defend the environmental claims against it.

**Instruction No. 14**

**ATTORNEY HOURLY RATE REIMBURSEMENT**

The parties dispute whether Schnitzer is entitled to be reimbursed for defense counsel's fees at rates higher than local rates. Local rates are the rates charged by lawyers here in Portland who are competent to perform the legal work required.

Schnitzer is entitled to be reimbursed at rates higher than local rates only if you find that: (i) no local counsel available to represent Schnitzer could reasonably have been expected to provide competent representation; and (ii) no reasonable effort to locate nonlocal counsel both willing to represent Schnitzer at local rates and reasonably likely to provide competent representation would have been successful.

If you conclude that Schnitzer is entitled to be reimbursed at nonlocal rates, then you must determine what nonlocal rates are reasonable under the circumstances that I have just described.

If you conclude that Schnitzer is not entitled to be reimbursed at nonlocal rates, then you must determine what local rates are reasonable.

Schnitzer has the burden of proving by a preponderance of the evidence whether it may recover at nonlocal rates and what is a reasonable rate.

14 –JURY INSTRUCTIONS

**Instruction No. 15**

**DEFINITION OF "COMPETENT REPRESENTATION"**

Competent representation requires that a lawyer have the legal knowledge, skill, thoroughness, and preparation reasonably necessary to represent the client in the matter in which the lawyer is hired.

**Instruction No. 16**

### DEFINITION OF "AVAILABLE"

For a lawyer to be available to represent Schnitzer, that lawyer and his or her firm must have had the capacity to do the work. By capacity, I mean the ability to make a time commitment to do the work and the ability to staff the case adequately. In determining whether a lawyer is available, you should consider whether the lawyer and his or her firm had any conflicts of interest that would have prevented the lawyer or firm from defending Schnitzer competently.

**Instruction No. 17**

### TIMELINESS OF REIMBURSEMENT

Continental has a duty to pay Schnitzer's defense costs within a reasonable time after Schnitzer sends a defense invoice to Continental.  You will be asked to determine how many days between Schnitzer's submitting an invoice and Continental's sending payment is a reasonable time.

**Instruction No. 18**

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

Damages means the amount of money that will fairly compensate Schnitzer for any breach of contract you find was caused by Continental.  If you find that Continental breached the contract, then you must decide if the breach of contract caused a loss and, if so, how much money should be paid. Schnitzer has the burden of proving damages by a preponderance of the evidence.

You may award money for those damages that arise naturally and necessarily from the breach of contract and would place Schnitzer in the same position as if the contract had not been breached.

You should consider the following:

(1) The amount Continental was obligated to reimburse Schnitzer for its defense costs;

(2) How much Schnitzer has actually been reimbursed for its defense;

(3) The amount left over that has not been reimbursed to Schnitzer.

It is for you to determine what damages, if any, have been proved.

Schnitzer need not prove the amount of its damages with mathematical certainty, but your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Instruction No. 19**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 20**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction No. 21**

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Instruction No. 22**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.