UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCHNITZER STEEL INDUSTRIES, INC., an Oregon corporation; and MMGL CORP., a Washington corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>CONTINENTAL CASUALTY COMPANY, an Illinois corporation; and TRANSPORTATION INSURANCE COMPANY, an Illinois corporation,<br><br>        Defendants. | Case No.: 3:10-CV-01174-MO<br><br>AMENDED MONEY AND DECLARATORY JUDGMENT |

      This matter came before the Court and was tried before a seven person Jury on April 15, 2014 through April 18, 2014 and continued April 22, 2014 through April 24, 2014. Plaintiffs Schnitzer Steel Industries, Inc. and MMGL Corp. (collectively "Schnitzer") were represented by their attorneys Scott J. Kaplan and Crystal Chase of Stoel Rives, LLP and John E. Iole, Rebekah

Page 1   -   MONEY AND DECLARATORY JUDGMENT

B. Kcehowski and Allison Parker of Jones Day.  Defendants Continental Insurance Company and Transportation Insurance Company (collectively "Continental") were represented by their attorneys Lawrence Gottlieb, Lisa Neal and Brett Sommermeyer of Betts, Patterson & Mines.

Schnitzer alleged two claims—Breach of Contract (First Claim for Relief) and Declaratory Judgment (Second Claim for Relief)—based on Continental's breach of the terms and conditions of seven insurance policies issued by Continental to Schnitzer (as identified at paragraph 9 of Schnitzer's Am. & Supp. Compl. (Dkt. No. 226) and paragraph 2 of Plaintiffs' Exhibit 31; hereafter, the "Policies").  Schnitzer's claim for Breach of Contract was tried to the jury.  Schnitzer's claim for Declaratory Judgment was tried to the Court.   As is set forth in the record, Continental asserted various affirmative defenses that were withdrawn, dismissed, or that Continental was otherwise unable to support.

## JURY VERDICT

On April 24, 2014, the jury delivered its verdict as follows:

**Question No. 1**

Has Schnitzer proved by a preponderance of the evidence that Continental failed to pay to Schnitzer the full amount of its reasonable and necessary defense costs?

YES:  _X_         NO:  ____

**Question No. 2**

What amount of Schnitzer's reasonable and necessary defense costs is unpaid?

$8,601,700

**Question No. 3**

After Continental receives an invoice for attorney fees, what is the maximum number of days that is a reasonable time for Continental to pay the invoice amount to Schnitzer?

_____90_____ days

**Question No. 4**

After Continental receives an invoice for environmental consultant fees, what is the maximum number of days that is a reasonable time for Continental to pay the invoice amount to Schnitzer?

_____90_____ days

**Question No. 5**

Has Schnitzer proved by a preponderance of the evidence that Continental failed to pay any of Schnitzer's defense costs within a reasonable time after receiving an invoice?

YES: __X__        NO: ____

*Please proceed to Question No. 6.*

**Question No. 6**

Has Schnitzer proved by a preponderance of the evidence that Continental failed to implement a reasonable process for the review, submission, and payment of invoices?

YES: __X__        NO: ____

**MONEY JUDGMENT**

Based on the verdict of the Jury, Schnitzer is entitled to a money judgment in the principal amount of $8,601,700. Schnitzer is further entitled to prejudgment interest at the Oregon rate of nine (9) percent per annum pursuant to ORS 82.010(2) in an amount of $2,812,185. Judgment is therefore entered in Schnitzer's favor in the amount of $11,413,885.

Schnitzer is entitled to post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961. Schnitzer is further entitled to its reasonable attorney's fees and costs herein pursuant to ORS 742.061 in an amount to be determined pursuant to Fed. R. Civ. P. 54.

## DECLARATORY JUDGMENT

Based upon the facts found by the jury and otherwise elicited at trial, the Court hereby declares and adjudges as follows:

1. Continental is jointly and severally liable, under each of the Policies and pursuant to ORS 465.480, to pay the full amount of Schnitzer's reasonable and necessary defense costs at the Portland Harbor Superfund Site. Continental must pay the full amount of Schnitzer's reasonable and necessary defense costs, as opposed to some reduced percentage share.

2. Continental is obligated to pay standard billing rates of lawyers, consultants and others hired to defend Schnitzer at the Portland Harbor Superfund Site, as proven by Schnitzer at the trial of this matter, including but not limited to the standard billing rates of Bingham McCutchen.

3. Continental is not entitled to reduce Schnitzer's reasonable and necessary fees, costs, and expenses by allocating an "assumed" or "hypothetical" percentage of such fees, costs or expenses to Schnitzer as alleged "operating" expenses or indemnity (*e.g.*, through the so-called "2/5 – 3/5 rule" or otherwise). Continental shall not be entitled take other arbitrary and unilateral action to delay, reduce or avoid paying reasonable and necessary fees, costs and expenses incurred by Schnitzer.

4. Continental is obligated to make a reasonably prompt determination and payment of the reasonable and necessary fees, costs and expenses incurred by Schnitzer in its defense at the Portland Harbor Superfund Site and submitted to Continental for payment, and in no event

later than 90 days from submission of invoices for such defense costs, plus a presumed three (3) day period to allow for shipping consistent with subparagraph 5.b.

       5.       Continental shall implement a reasonable process for the review, submission and payment of Schnitzer's defense cost invoices at the Portland Harbor Superfund Site. Such system shall include:

       a.       Payment in full of Schnitzer's reasonable and necessary defense costs within 90 days of receipt by Continental of the invoice for those costs.

       b.       Payments not made within 90 days shall include interest at the Oregon statutory rate of nine (9) percent per annum, which shall accrue beginning 90 days after the date the invoice is received by Continental. Invoices shall be presumed to be received by Continental 3 days after mailing.

       c.       The parties shall each designate in writing an officer or employee responsible for direct communications between them in order to resolve any questions about Schnitzer's defense cost invoices within the 90-day period set forth above and shall promptly advise the other of any change in such designated officer or employee.

       d.       Continental shall pay Schnitzer's defense cost invoices in full and without deduction unless, within forty-five (45) days of receipt of the invoice, Continental identifies with specificity in writing to the Schnitzer representative designated pursuant to subparagraph (c) the disputed amount of the invoice and the basis or bases for any deduction in payment that Continental proposes as a result of that dispute. Schnitzer shall respond in writing to any such proposed deduction within 30 days of receipt. Identification of a disputed portion of an invoice by Continental shall not provide a basis for delay or failure to pay undisputed portions of that same invoice or any other invoice.

e.  If a dispute arises, either party shall have the right, not more than once each calendar year, to submit any payment disputes to a special master to be selected and paid for equally, in the first instance, by the parties.  If the special master determines that a party's position was not substantially justified, the special master shall have the discretion to allocate all of his or her fees and costs to such party.  The special master shall have the authority to make a nonbinding decision on such matters, with the right to object to this Court pursuant to the procedures set forth in Fed. R. Civ. P. 53(f).  All defense cost invoice amounts that are determined to have been due to Schnitzer but not paid by Continental shall bear interest at the Oregon statutory rate of nine (9) percent from 90 days after the date that the invoice was received by Continental.  All overpayments shall bear interest at the statutory rate of nine (9) percent per annum beginning ninety (90) days after receipt by Schnitzer.  Alternatively, the parties may enter into a mutually agreed upon alternative dispute resolution process to resolve any issues related to defense cost deductions or overpayments made by Continental.

6.  Pursuant to 28 U.S.C. § 2202, the Court may order any further necessary or proper relief after reasonable notice and hearing.

7.  Nothing herein shall be construed to limit or abridge Schnitzer's right under ORS 742.061 to the recovery of its attorney's fees in future proceedings, which right may be asserted before the special master and in any mutually agreeable alternative dispute resolution proceeding.

DATED this __23rd__ day of August, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

Page 6  -   MONEY AND DECLARATORY JUDGMENT