# EXHIBIT N

**DAVID E. PRANGE,** OSB No. 87328
DPrange@PrangeLawGroup.com
**AARON C. DENTON,** OSB No. 02289
ADenton@PrangeLawGroup.com
PRANGE LAW GROUP LLC
111 Southwest Fifth Avenue, Ste. 2120
Portland, Oregon  97204
Telephone:  (503) 595-8199
Facsimile:   (503) 595-8190

Attorneys for Continental Casualty
Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CONTINENTAL CASUALTY INSURANCE COMPANY, an Illinois corporation,<br><br>                   Plaintiff,<br><br>       v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited partnership, SAFWAY SERVICES, INC, a Delaware corporation.<br><br>                   Defendants.<br>_____ | No. CV 07 – 913 KI<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN  SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Page i – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Plaintiff's Memorandum in Support of Motion for Summary Judgment

Iole Suppl. Dec. Ex. N
Page 1 of 4

*Employers Ins. of Wausau*, 142 Or.App. 224, 920 P.2d 1125 (1996).  As the Oregon Court of Appeals explained in *Montgomery Elevator*, breach of contract claims do not "arise out of compensable injuries to" employees.  *Montgomery Elevator Co.*, 101 Or.App. at 303.  In addition, an agreement to procure insurance is not an agreement to indemnify barred by ORS 656.018(1).  *Id.* at 303-304.  Therefore, if the Court determines that neither Zurich, nor Safway acting as an insurer, was required to defend PCI in the Bais Action, then Safway breached its contract with PCI.  Continental Casualty is entitled to recover the defense costs it paid on behalf of TCR and PCI because of this breach.

      **6.    Continental Casualty is entitled to its attorneys' fees incurred in bringing this lawsuit.**

Continental Casualty is entitled to recover its attorneys' fees incurred in bringing this action pursuant to ORS 742.061.  That statute provides, in relevant part, as follows:

> [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

The general purpose of the statute is to encourage settlement of insurance claims, and to protect insureds from having to litigate valid claims.  *Dockins v. State Farm Ins. Co.*, 329 Or. 20, 33, 985 P.2d 796 (1999); *Farmers Ins. Co. v. Trutanich*, 123 Or. App. 6, 658 P.2d 1332 (1993).  Both insureds and insurers may make attorney fee claims under the statute.  *Webb v. Nat'l. Union Fire Ins. Co. of Pittsburgh*, 207 F.3d 579, 583-584 (9th Cir. (Or.) 2000).  Assuming all

Page 19 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Plaintiff's Memorandum in Support of
Motion for Summary Judgment

Iole Suppl. Dec. Ex. N
Page 2 of 4

statutory conditions are met, an award of fees pursuant to the statute is mandatory, and not within the court's discretion. *Petersen v. Farmers Ins. Co.*, 162 Or. App. 462, 466, 986 P.2d 659 (1999).

The term "proof of loss" is to be read broadly. *Dockins,* 329 Or. at 29; ("[a]ny event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a 'proof of loss' for purposes of [ORS 742.061.]")

In this case, Continental Casualty made proof of loss to Zurich no later than August 4, 2006. In a letter of that date, Continental Casualty wrote to the producer of the Zurich Policy. (Denton Decl., Exhibit G.) In that letter, Continental Casualty told Zurich that it had an obligation to defend PCI, that Continental Casualty was defending PCI, and that Continental Casualty maintained rights of contribution and subrogation against Zurich. *Id*. In a letter dated August 11, 2006, Safway's defense counsel confirmed receipt of Continental Casualty's August 4 letter, and stated that the letter had been provided to Zurich. *Id*. Continental Casualty's letter provided Zurich with sufficient information to estimate its obligations to PCI, or sufficient information to trigger Zurich's duty to inquire into its obligation to defend PCI. Zurich did not respond to Continental Casualty's tender within 6 months of August 4, 2006, and has not paid for any of PCI's defense costs. (Denton Decl., ¶ 15.) Pursuant to ORS 742.061, if the Court finds that Zurich is liable to Continental Casualty for any defense costs, then the Court must also award Continental Casualty its reasonable attorneys' fees incurred in bringing this lawsuit.

Similarly, if the Court finds that Safway was an insurer to the extent of the SIR, then Safway is liable for Continental Casualty's reasonable attorneys' fees incurred in this action.

Page 20 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Plaintiff's Memorandum in Support of Motion for Summary Judgment

Iole Suppl. Dec. Ex. N
Page 3 of 4

Safway rejected PCI's tender in a letter dated October 5, 2005. (Denton Decl., Exhibit F.) Safway has not paid for any of PCI's defense costs to date. (Denton Decl., ¶ 15.) Therefore, if the Court holds that Safway owed PCI a defense in the Bais Action, then the Court must award Continental Casualty its reasonable attorneys' fees incurred in this lawsuit.

### IV.    CONCLUSION

Continental Casualty's motion for summary judgment should be granted, as follows:

1. The Court should hold that Zurich owes Continental Casualty for all sums it paid as defense costs for PCI and TCR in the Bais Action.

2. In the alternative, the Court should hold that Safway owes Continental Casualty for all sums it paid as defense costs for PCI and TCR in the Bais Action.

3. The Court should award Continental Casualty its reasonable attorneys' fees incurred in bringing this action.

DATED:  August 21, 2008.

                PRANGE LAW GROUP LLC

                /s/ David E. Prange
                **DAVID E. PRANGE,** OSB No. 87328
                DPrange@PrangeLawGroup.com
                **AARON C. DENTON,** OSB No. 02289
                ADenton@PrangeLawGroup.com
                PRANGE LAW GROUP LLC
                111 Southwest Fifth Avenue, Ste. 2120
                Portland, Oregon  97204
                Telephone:  (503) 595-8199
                Facsimile:  (503) 595-8190

                Attorneys for Plaintiff

Page 21 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Plaintiff's Memorandum in Support of
Motion for Summary Judgment

Iole Suppl. Dec. Ex. N
Page 4 of 4