# EXHIBIT O

**DAVID E. PRANGE,** OSB No. 87328
DPrange@PrangeLawGroup.com
**AARON C. DENTON,** OSB No. 02289
ADenton@PrangeLawGroup.com
PRANGE LAW GROUP LLC
111 Southwest Fifth Avenue, Ste. 2120
Portland, Oregon 97204
Telephone: (503) 595-8199
Facsimile: (503) 595-8190

Attorneys for Continental Casualty
Insurance Company

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| CONTINENTAL CASUALTY INSURANCE COMPANY, an Illinois corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited partnership, SAFWAY SERVICES, INC, a Delaware corporation.<br><br>        Defendants.<br>_____ | No. CV 07 – 913 KI<br><br>**CONTINENTAL'S RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

        Continental respectfully submits this Response Brief in support of its Motion for

Summary Judgment.

   ///

Page 1 – CONTINENTAL'S RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Continental's Response Brief in Support
of Motion for Summary Judgment

Iole Suppl. Dec. Ex. O
Page 1 of 4

the Oregon Insurance Guaranty Association ("OIGA"). Attached to the trespass complaint was a copy of a contempt judgment. The OIGA denied the insured's tender, asserting that the contempt judgment established that the insured's conduct was intentional. When the contempt judgment was vacated, and the pleading against the insured was amended to reflect that fact, the insured did not re-tender to the OIGA. In the subsequent coverage lawsuit, the Oregon Court of Appeals held that the OIGA's duty to defend the insured was not triggered after the pleading was amended because the insured did not re-tender. *Thompson* stands only for the proposition that, once an insurer validly determines that it has no duty to defend, it need not revisit that determination absent new information.

G. **This Court Should Award Continental its Attorneys' Fees Incurred in this Action.**

Continental is entitled to recover its fees incurred in this action pursuant to ORS 742.061. That statute provides, in relevant part, as follows:

> [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

Both insureds and insurers may make attorney fee claims under the statute. *Webb v. Nat'l. Union Fire Ins. Co. of Pittsburgh*, 207 F.3d 579, 583-584 (9th Cir. (Or.) 2000). An award of fees pursuant to the statute is mandatory if Continental recovers in excess of any tender made by Zurich or Safway. *Petersen v. Farmers Ins. Co.*, 162 Or. App. 462, 466, 986 P.2d 659 (1999). To date, neither Zurich nor Safway have tender anything for to Continental or PCI for

Page 16 – CONTINENTAL'S RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Continental's Response Brief in Support of Motion for Summary Judgment

Iole Suppl. Dec. Ex. O
Page 2 of 4

PCI's or TCR's defense costs in the Bais Action. (Denton Decl., ¶ 16.)

Zurich does not dispute Continental's entitlement to attorneys' fees. Therefore, if the Court determines that Zurich owes Continental anything for PCI's and TCR's defense costs, then Continental is entitled to its reasonable attorneys' fees.

Safway does not dispute that it did not tender within six months after PCI made proof of loss. Instead, Safway argues that it is not obligated for attorneys' fees because it is not an insurer. As explained above, Safway is an insurer to the extent of its SIR. Safway also argues that the statute does not pertain to declaratory judgment actions where no monetary recovery is at stake, relying on *McGraw v. Gwinner*, 282 Or. 393, 578 P.2d 1250 (1978). Safway's reliance on *McGraw* is untenable because, in this case, unlike *McGraw*, Continental has already paid defense costs. (Denton Decl., ¶ 15.) Furthermore, in this action, Continental is seeking to recover a specific sum certain from Safway. In its First Amended Complaint, Continental brings three claims for relief, including claims against Safway for contribution and breach of contract. This Court could award Continental damages under either of these claims for relief. If it does so with respect to Continental's claims against Safway, this Court must also award Continental its reasonable attorneys' fees.

///

///

///

///

///

///

Page 17 – CONTINENTAL'S RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Continental's Response Brief in Support
of Motion for Summary Judgment

Iole Suppl. Dec. Ex. O
Page 3 of 4

III.   CONCLUSION

For the reasons explained herein, Continental's motion for summary judgment should be granted.

DATED:  October 3, 2008.

            PRANGE LAW GROUP LLC

            /s/ David E. Prange
            David E. Prange, OSB #87328
            Aaron C. Denton, OSB #022890
            111 SW 5th Avenue, Ste. 2120
            Portland, Oregon  97204
            Telephone:  (503) 595-8199
            Facsimile:   (503) 595-8190
            Attorneys for Plaintiff

Page 18 – CONTINENTAL'S RESPONSE BRIEF IN SUPPORT OF  MOTION FOR SUMMARY JUDGMENT

Prange Law Group LLC
111 SW 5th Avenue, Ste. 2120
Portland, OR 97204
(503) 595-8199

Continental v. Zurich et al.
D. Or. 3:07-cv-00913
Excerpts from Continental's Response Brief in Support
of Motion for Summary Judgment

Iole Suppl. Dec. Ex. O
Page 4 of 4