# EXHIBIT P

No. 09-35484
No. 09-35523

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CONTINENTAL CASUALTY INSURANCE COMPANY,
an Illinois corporation,

*Plaintiff – Appellee,*
v.

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

*Defendant*;

TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited partnership;

*Defendant-Appellee*,

and

SAFWAY SERVICES, INC., a Delaware corporation,

*Defendant – Appellant.*

CONTINENTAL CASUALTY INSURANCE COMPANY,
an Illinois corporation,

*Plaintiff - Cross-Appellant*,
v.

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

*Defendant,*

and

TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited Partnership; and SAFWAY SERICES, INC., a Delaware Corporation,

*Defendants-Cross-Appellees*.

On Appeal from the United States District Court for the District of Oregon
District Court Case No. 3:07-CV-00913-KI

PLAINTIFF-CROSS-APPELLANT'S SECOND CROSS-APPEAL BRIEF

Counsel of Record on Next Page (Reverse Side)           February 2010

Continental v. Zurich et al.
9th Cir. No. 09-35484
Excerpts from Plaintiff-Cross-Appellant's Second
Cross-Appeal Brief

Iole Suppl. Dec. Ex. P
Page 1 of 5

31

would (ER 283).² Notwithstanding, Safway denied PCI's tender of contractual defense in the Bais action when it should have defended both PCI and TCR.

**B.    In its capacity as its own insurer, Safway owes Continental's coverage litigation attorneys fees pursuant to ORS §742.061.**

In *Haynes v. Tri-Met Transp. Dist.*, the Oregon Supreme Court held that a self-insurer is be liable for attorneys' fees under ORS §742.061 to the same extent as an insurer. *Haynes*, 337 Or. At 661. Accordingly, Safway should likewise be deemed to be an insurer to the extent of its SIR, and Continental is entitled to recover its attorneys' fees incurred in this action to enforce its insured's coverage denied through Safway's breach.

ORS §742.061 provides, in relevant part, as follows:

[I]f settlement is not made within six months from the

---

² The following is an excerpt from the deposition of Carol Scully:
  Q:    Do you know who paid for Safway's defense in the Bais lawsuit?
  A:    Safway.
  Q:    And that was pursuant to its self-insured retention endorsement?
  A:    Yes.
  Q:    We understand that in this case Safway consulted with its attorneys and denied the tenders of defense in the Bais lawsuit. Is that correct?
  A:    Yes.
  Q:    Through discussions with counsel, if Safway had determined it had exposure and needed to accept the tenders of defense, would Safway have paid for those defenses directly?
  A:    Yes.
  Q:    So Safway, pursuant to its self-insured retention, at times funds the defenses of third parties that tender to Safway?
  A:    Yes.

Continental v. Zurich et al.
9th Cir. No. 09-35484
Excerpts from Plaintiff-Cross-Appellant's Second
Cross-Appeal Brief

Iole Suppl. Dec. Ex. P
Page 2 of 5

> date proof of loss is filed with an insurer and an action is brought in any court of this state <u>upon any policy of insurance of any kind or nature</u>, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

The statute is intended to encourage settlement of insurance claims and to protect insureds from having to unnecessarily litigate valid claims. *Dockins v. State Farm Ins. Co.*, 329 Or. 20, 33, 985 P.2d 796 (1999); *Farmers Ins. Co. v. Trutanich*, 123 Or. App. 6, 658 P.2d 1332 (1993). Both insureds and insurers may seek attorney fees under the statute. *Webb v. Nat'l. Union Fire Ins. Co. of Pittsburgh*, 207 F.3d 579, 583-584 (9th Cir. (Or.) 2000). The term "proof of loss" is to be read broadly. *Dockins,* 329 Or. at 29; ("[a]ny event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a 'proof of loss' for purposes of [ORS §742.061.]") Assuming all statutory conditions are met, an award of fees pursuant to the statute is mandatory, and not within the court's discretion. *Petersen v. Farmers Ins. Co*., 162 Or. App. 462, 466, 986 P.2d 659 (1999).

Continental presented proof of loss to Safway when it tendered its defense to Safway's counsel in a letter dated September 13, 2005 (ER 273 - 274). Alternatively, Continental presented proof of loss for PCI's defense costs no later than March 25, 2009, at which time Safway's counsel acknowledged receipt of all

Continental v. Zurich et al.
9th Cir. No. 09-35484
Excerpts from Plaintiff-Cross-Appellant's Second
Cross-Appeal Brief

Iole Suppl. Dec. Ex. P
Page 3 of 5

such bills. (ER 31-32). Safway has not paid for any of PCI's defense costs to date (ER 221). Moreover, the record fails to demonstrate a statutory "tender" from Safway, acknowledging its obligation to cover TCR and PCI. Therefore Safway should be held to the same responsibilities as an insurer to the extent of its SIR, and the court should require Safway to pay Continental's reasonable attorneys' fees pursuant to ORS §742.061.

## VIII.    CONCLUSION

The district court erred in holding that Safway should not be deemed a self-insurer to the extent of the $1,000,000 SIR in the Zurich Policy. The district court's ruling on this issue should be reversed and this case should be remanded for entry of judgment in Continental's favor, along with a corresponding judgment for Continental's coverage litigation attorneys' fees incurred in the district court and on appeal.

Dated this 3rd day of February, 2010.

PRANGE LAW GROUP LLC


 /s/ David E. Prange
David E. Prange, OSB #873281
111 SW Fifth Avenue, Ste. 2120
Portland, Oregon 97204
Telephone: (503) 595-8199
Facsimile: (503) 595-8190
*Attorneys for Continental Casualty Insurance Company*

Continental v. Zurich et al.
9th Cir. No. 09-35484
Excerpts from Plaintiff-Cross-Appellant's Second Cross-Appeal Brief

Iole Suppl. Dec. Ex. P
Page 4 of 5

CERTIFICATE OF COMPLIANCE PURSUANT TO
F.R.A.P. 32(a)(7)(c) and NINTH CIRCUIT RULE 32-1

I certify that, pursuant to Rule 32(a)(7)(c) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, the attached brief is proportionately spaced, has a typeface of 14 points or more and contains 7064 words.

DATED this 3rd of February, 2010.

                PRANGE LAW GROUP LLC


                 /s/ David E. Prange
                David E. Prange, OSB #873281
                111 SW Fifth Avenue, Ste. 2120
                Portland, Oregon  97204
                Telephone:  (503) 595-8199
                Facsimile:   (503) 595-8190
                Attorneys for Plaintiff-Cross-Appellant
                Continental Casualty Insurance Company

Continental v. Zurich et al.
9th Cir. No. 09-35484
Excerpts from Plaintiff-Cross-Appellant's Second
Cross-Appeal Brief

Iole Suppl. Dec. Ex. P
Page 5 of 5