# EXHIBIT Q

No. 09-35484
No. 09-35523
_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CONTINENTAL CASUALTY INSURANCE COMPANY,
an Illinois corporation,

*Plaintiff – Appellee,*

v.

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

*Defendant*;

TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED
PARTNERSHIP, a foreign limited partnership;

*Defendant-Appellee*,

and

SAFWAY SERVICES, INC., a Delaware corporation,

*Defendant – Appellant.*

CONTINENTAL CASUALTY INSURANCE COMPANY,
an Illinois corporation,

*Plaintiff - Cross-Appellant*,

v.

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

*Defendant,*

and

TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED
PARTNERSHIP, a foreign limited Partnership; and SAFWAY SERICES, INC., a
Delaware Corporation,

*Defendants-Cross-Appellees*.

On Appeal from the United States District Court for the District of Oregon
District Court Case No. 3:07-CV-00913-KI
_____
PLAINTIFF-CROSS-APPELLANT'S FOURTH CROSS-APPEAL BRIEF
_____

Counsel of Record on Next Page (Reverse Side)           April 2010

Continental v. Zurich et al.                    Iole Suppl. Dec. Ex. Q
9th Cir. No. 09-35523                           Page 1 of 4
Excerpts from Plaintiff-Cross-Appellant's Fourth
Cross-Appeal Brief

6

234 S.E. 2d 870 (1977)("…a self-insurer provides a substitute for an insurance policy."). Similarly, Safway should be compelled to function as PCI's and TCR's insurer to the extent of the insurance coverage it promised to provide.

### D. As An "Insurer," Safway Owes Continental's Coverage Litigation Attorneys' Fees.

ORS 742.061 provides for awards of attorneys' fees in actions against "insurers." In *Haynes*, the Oregon Supreme Court held that a self-insurer is liable for attorneys' fees under ORS 742.061 to the same extent as an insurer. *Haynes*, 337 Or. at 661. Because Safway agreed to function as an insurer to the extent of its SIR, Continental is entitled to recover its attorneys' fees incurred in this action to enforce its insured's right to coverage from Safway.

This result is not only legally correct, but also compelled by equity. Safway promised to provide $1,000,000 of primary, non-contributory insurance. Without informing PCI and TCR of its intention to do so, Safway decided to provide this insurance itself. Continental's subrogees, PCI and TCR, should not be deprived of the protections of ORS 742.061 because Safway unilaterally decided to function as PCI's and TCR's insurer to the extent of the insurance promised in the underlying construction contract. Instead, requiring Safway to pay Continental the attorneys' fees it incurred enforcing its subrogees' rights to insurance coverage would fit squarely within the policy of ORS 742.061. *See Dockins v. State Farm Ins. Co.*,

Continental v. Zurich et al.
9th Cir. No. 09-35523
Excerpts from Plaintiff-Cross-Appellant's Fourth Cross-Appeal Brief

Iole Suppl. Dec. Ex. Q
Page 2 of 4

7

329 Or. 20, 33, 985 P.2d 796 (1999); *Farmers Ins. Co. v. Trutanich*, 123 Or. App. 6, 658 P.2d 1332 (1993).

### III.    CONCLUSION

The district court erred in holding that Safway should not be deemed a self-insurer to the extent of the $1,000,000 of insurance coverage it promised to provide in the underlying construction contract. The district court's ruling on this issue should be reversed and this case should be remanded for entry of judgment in Continental's favor, along with a corresponding judgment for Continental's coverage litigation attorneys' fees incurred in the district court and on appeal.

Dated this 12th day of April, 2010.

PRANGE LAW GROUP LLC


 /s/ David E. Prange
David E. Prange, OSB #873281
111 SW Fifth Avenue, Ste. 2120
Portland, Oregon  97204
Telephone:  (503) 595-8199
Facsimile:   (503) 595-8190
*Attorneys for Continental Casualty Company*

Continental v. Zurich et al.
9th Cir. No. 09-35523
Excerpts from Plaintiff-Cross-Appellant's Fourth
Cross-Appeal Brief

Iole Suppl. Dec. Ex. Q
Page 3 of 4

CERTIFICATE OF COMPLIANCE PURSUANT TO
F.R.A.P. 32(a)(7)(c) and NINTH CIRCUIT RULE 32-1

I certify that, pursuant to Rule 32(a)(7)(c) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, the attached brief is proportionately spaced, has a typeface of 14 points or more and contains 1382 words.

DATED this 12th of April, 2010.

PRANGE LAW GROUP LLC


/s/ David E. Prange
David E. Prange, OSB #873281
111 SW Fifth Avenue, Ste. 2120
Portland, Oregon  97204
Telephone:  (503) 595-8199
Facsimile:   (503) 595-8190
Attorneys for Plaintiff-Cross-Appellant
Continental Casualty Insurance Company

Continental v. Zurich et al.
9th Cir. No. 09-35523
Excerpts from Plaintiff-Cross-Appellant's Fourth
Cross-Appeal Brief

Iole Suppl. Dec. Ex. Q
Page 4 of 4